IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **John Furman,** | **Case No.  1:24-cv-01925** |
| **Petitioner,** | |
| | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| | **MAGISTRATE JUDGE JOHNATHAN D. GREENBERG** |
| **Warden Misty Mackey,** | |
| **Respondent.** | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Jonathan D. Greenberg (Doc. No. 26), which recommends that Petitioner John Furman's ("Furman" or "Petitioner") Petition for Writ of Habeas Corpus (the "Petition") (Doc. No. 1) be denied.  Furman has filed Objections to the R&R (the "Objections"), and Respondent Warden Misty Mackey ("Respondent") filed her Opposition to the Objections (the "Opposition").  (Doc. Nos. 29, 30.)  For the following reasons, the Objections are overruled.  The R&R is adopted, and the Petition is DENIED.

## I.    Background

The Court of Appeals for the Eleventh District of Ohio (hereinafter, "state appellate court") summarized the facts underlying Furman's state court conviction as follows:[1]

{¶2} In December 2020, Furman was indicted on the following charges resulting from allegations that on two separate dates he had kidnapped, assaulted, and raped his wife: (1) kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4) and (C)(1), with a sexual motivation specification pursuant to R.C. 2941.147(A); (2) rape, a first-degree felony in violation of R.C. 2907.02(A)(2) and (B); (3)

---

[1] In a habeas proceeding, "[s]tate-court factual findings are presumed correct unless rebutted by clear and convincing evidence." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)).

domestic violence, a third-degree felony, in violation of R.C. 2919.25(A); (4) kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4) and (C)(1), with a firearm specification pursuant to R.C 2941.145(A), and a sexual motivation specification pursuant to R.C. 2941.147(A); (5) rape, a first-degree felony, in violation of R.C. 2907.02(A)(2) and (B), with a firearm specification pursuant to R.C. 2941.145(A); and (6) domestic violence, a third-degree felony, in violation of R.C. 2919.25(A) and (D)(4), with a firearm specification pursuant to R.C. 2941.145(A). The first three of these charges pertained to incidents alleged to have occurred on or about October 23, 2020. The latter three charges pertained to incidents alleged to have occurred on or about October 29, 2020.

{¶3} Following the filing of the indictment, the state moved for a competency evaluation. The issue of Furman's competency to stand trial was ongoing throughout much of the trial court's proceedings. On November 1, 2021, the trial court issued an entry deeming Furman competent to stand trial.

{¶4} Prior to the competency determination, on September 16, 2021, Furman moved to dismiss, arguing that his speedy trial time had elapsed.[] The state responded in opposition. Ultimately, the trial court overruled the motion.

{¶5} The case proceeded to jury trial. The jury acquitted Furman on the first three charges, which pertained to the October 23, 2020 incidents. The jury found Furman guilty of the following with respect to the October 29, 2020 incidents: kidnapping and the attendant sexual motivation specification, rape, and domestic violence. The trial court referred Furman for a presentence investigation and report, ordered the parties to prepare sentencing briefs, and set the matter for sentencing.

{¶6} At sentencing, the trial court sentenced Furman to 10 years of imprisonment on the kidnapping count, a minimum of 10 years of imprisonment on the rape count, and 24 months of imprisonment on the domestic violence count. The court ordered the kidnapping and rape sentences to run consecutively and the domestic violence count to run concurrently, for a minimum aggregate prison term of 20 years to a maximum term of 25 years.

*State v. Furman*, 223 N.E.3d 944, 947-48 (Ohio App. 11th Dist. 2023).

## II.    Procedural History

### A.    Trial Court Proceedings

The Ashtabula County Grand Jury indicted Furman on the following charges: two counts of

kidnapping in violation of R.C. 2905.01(A)(4) (Counts One and Four), two counts of rape in violation

of R.C. 2907.02(A)(2) (Counts Two and Five), and domestic violence in violation of R.C. 2919.25(A) (Counts Three and Six).  (Doc. No. 11-1, Ex. 4.)  Counts One through Three related to an October 23, 2020 incident, and Counts Four to Six related to an October 29, 2020 event.  (*Id*.)  Counts One and Four carried sexual motivation specifications, and Counts Four through Six carried firearm specifications.  (*Id*.)  Further, Count Six carried a previous domestic violence conviction specification.  (*Id*.)  On December 18, 2020, Furman pled not guilty to all charges.  (Doc. No. 11-1, Ex. 5.)

On January 8, 2021, the State filed a motion for competency evaluation.  (Doc. No. 11-1, Ex. 7.)  Furman's counsel did not object to the motion. (Doc. No. 11-1, Ex. 8.)  On January 20, 2021, the trial court ordered an evaluation on whether Furman was competent to stand trial.  (*Id*.)

On January 26, 2021, Furman, through his counsel, filed a motion to modify bond, which the State opposed.  (Doc. No. 11-1, Exs. 9, 10.)  On April 19, 2021, the trial court overruled the motion to modify bond.  (Doc. No. 11-1, Ex. 11.)  On May 12, 2021, Furman, through his counsel, filed a renewed motion to modify bond, which the State opposed.  (Doc. No. 11-1, Exs. 12, 13.)  Although the competency hearing was supposed to take place on June 1, 2021, on that date, the trial court instead granted defense counsel's motion to withdraw, appointed new counsel for Furman, and as a result, stated that it would reset the date of the competency hearing.  (Doc. No. 11-1, Ex. 14.)

Furman had refused to participate in the evaluation that the trial court had ordered.  (Doc. No. 11-1, Ex. 15.)  Nevertheless, on July 16, 2021, the trial court held a hearing on Furman's competency to stand trial.  (*Id*.)  At the hearing, Dr. Jessica Hart testified regarding a letter she wrote to the trial court wherein she recommended that Furman undergo a twenty (20) day inpatient competency evaluation.  (*Id*.)  But Furman's counsel advised the court that Furman intended to cooperate with the

3

competency evaluation that it had originally ordered.  (*Id.*)  Accordingly, the trial court "notified Dr. Hart to schedule a time with the Ashtabula County Jail to interview [Furman] to determine competency as previously ordered."  (*Id.*)  However, on August 9, 2021, the trial court received a letter from Dr. Hart, dated July 30, 2021, stating that Furman again had declined to cooperate with the evaluation.  (Doc. No. 11-1, Ex. 16).  Thus, the trial court ordered Furman to undergo an inpatient evaluation at a local facility.  (*Id.*)

On September 22, 2021, after the evaluation had been completed, the trial court held a hearing regarding the Forensic Report authored by Dr. Ashley VanDercar.  (Doc. No. 11-1, Ex. 17.)  At the hearing, Furman's counsel notified the trial court that Furman would not stipulate to the Forensic Report.  (*Id.*)  On October 28, 2021, the trial court held a competency hearing where Dr. VanDercar testified as to her findings in the Forensic Report.  (*Id.*)  Following the hearing, on November 1, 2021, the trial court found Furman competent to stand trial.  (*Id.*)

While the competency issue was pending, through counsel, Furman moved to dismiss the case based on a violation of Ohio's speedy trial statute, which the State then opposed.  (Doc. No. 11-1, Exs. 18-19.)  On January 7, 2022, the trial court overruled the motion to dismiss, finding it lacked merit "considering the numerous instances when [Furman's] motions caused the speedy trial time period to be extended or tolled."  (Doc. No. 11-1, Ex. 20.)

On February 14, 2022, the case proceeded to trial, and on February 18, 2022, the jury returned its verdict.  (Doc. No. 11-1, Ex. 21.)  The jury found Furman not guilty of Counts One through Three but guilty of Counts Four through Six.  (*Id.*)  The jury found that Furman was guilty of the sexual motivation specification on Count Four but not guilty of the firearms specifications on Counts Four through Six.  (*Id.*)  As to Count Six, the jury found that Furman had previously been convicted of two

domestic violence offenses.  (*Id*.)  On March 21, 2022, the state trial court held a sentencing hearing. (Doc. No. 11-1, Ex. 24.)  The trial court sentenced Furman to ten (10) years in prison on Count Four, ten (10) years in prison on Count Five, and twenty-four (24) months in prison on Count Six.  (*Id*.) The sentences on Counts Four and Five were to run consecutively to each other but concurrently to the sentence on Count Six, for a minimum term of imprisonment of twenty (20) years and a maximum term of imprisonment of twenty-five (25) years.  (*Id*.)

### B. Appeal to the State Appellate Court

Furman, through counsel, appealed directly to the state appellate court.  (Doc. No. 11-1, Ex. 26.)  In his appellate brief, he raised the following assignments of error:

I.  FURMAN WAS DENIED HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL.

Issue No. 1: Whether the trial court committed plain error by allowing a trial to proceed 457 days after Furman was arrested?

II.  THE TRIAL COURT ERRED WHEN [IT] DEFINED "REASONABLE DOUBT" IN A MANNER NOT CONSISTENT WITH THE STATUTORY DEFINITION.

Issue No. 1: Whether it was improper to add words to the definition of reasonable doubt that tended to soften the term?

III.  THE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

Issue No. 1: Whether the jury lost its way in determining that Furman had kidnapped and raped M.F.?

IV.  THERE WAS INSUFFICIENT EVIDENCE AGAINST FURMAN.

Issue No. 1: Whether there was sufficient evidence against Furman and whether the trial court erred in denying the Motion for Crim.R. 29 acquittal?

5

V. FURMAN WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION

Issue No. 1: Whether counsel was ineffective for failing to assert Furman's right to a speedy trial?

Issue No. 2: Whether counsel was ineffective for failing to object to an incorrect definition of reasonable doubt.

(Doc. No. 11-1, Ex. 27.)  The State filed a brief in response, to which Furman replied. (Doc. No. 11-1, Exs. 28, 29.)

On August 28, 2023, the state appellate court affirmed Furman's convictions.[2] (Doc. No. 11-1, Ex. 30); *see also Furman*, 223 N.E.3d at 947.

## C.      Appeal and State Habeas Petition with the Ohio Supreme Court

On December 12, 2023, Furman, now proceeding *pro se*, filed a Notice of Appeal and a Motion for Delayed Appeal with the Supreme Court of Ohio. (Doc. No. 11-1, Exs. 31-32.)  On February 6, 2024, the Ohio Supreme Court granted the motion, and thus, on February 29, 2024, Furman filed his Memorandum in Support of Jurisdiction wherein he raised the following Propositions of Law:

I.      Furman was denied his constitutional and statutory rights to a speedy trial.
II.     The trial court erred when it defined "reasonable doubt" in a manner not consistent with the statutory definition.
III.    The convictions were against the manifest weight of the evidence.

(Doc. No. 11-1, Exs. 33-34.)  On June 11, 2024, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4).  (Doc. No. 11-1, Ex. 35.)

---

[2] Furman filed several motions for extension of time to file a brief for an application to reopen his appeal as well as an application to reopen his appeal with the state appellate court, but the state appellate court denied these requests.  (Doc. No. 11-1, Exs. 40-44.)

On May 21, 2024, nearly three weeks before the Ohio Supreme Court declined to exercise jurisdiction over Furman's appeal, Furman, proceeding *pro se*, filed his state habeas petition in the Ohio Supreme Court where he asserted the following claims:

> PETITIONER SEEKS A WRIT OF HABEUS [sic] CORPUS BECAUSE HE WAS DENIED HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL, HIS CONSTITUTIONAL RIGHT TO A REASONABLE BOND, AND HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPEAL COUNSEL.
>
> 1. Furman would state that he was deprived of his 6th amendment right to a reasonable bond.
>
> 2. Furman would also contend that his right to a speedy trial was violated.
>
> 3. Furman would also state that his trial counsel, Malcolm Douglas was ineffective in his assistance thereby violating Furman's 6th amendment right to effective assistance of counsel. Furman would state that counsel made a plain error by not objecting to or, calling an expert rebuttal witness.
>
> 4. Furman would also state that his appeal counsel Edward Heindel was also ineffective in his assistance, thereby violating Furman's 6th amendment right to effective assistance of counsel.
>
> 5. Furman would state that the trial court made plain error not granting his motion to fire trial counsel Malcolm Douglas.
>
> 6. Furman would also contend that the convictions were against the manifest of the evidence.

(Doc. No. 11-1, Ex. 45.)

### D.    Federal Habeas Petition

On November 4, 2024, Furman, proceeding *pro se*, filed his federal habeas corpus petition with this Court.  He asserted the following grounds for relief:

**GROUND ONE:** Petitioner's right to a speedy trial was violated.

> **Supporting Facts**: The state court adjudication of petitioner's claim that his constitutional rights to a speedy trial was violated resulted in a decision

that was contrary to clearly established federal law as determined by the supreme court of the united states in Barker v. Wingo.

**GROUND TWO:** Petitioner's right to a reasonable bond was violated.

**Supporting Facts**: The state court adjudication of petitioner's claim that his constitutional rights to a reasonable bond was violated resulted in a decision that was contrary to clearly established federal law as determined by the supreme court in Stack v. Boyle.

**GROUND THREE**: Petitioner was denied his right to effective assistance to trial counsel.

**Supporting Facts**: The state court adjudication of petitioner's claim that his constitutional right to effective assistance of trial counsel was violated resulted in a decision that was contrary to clearly established federal law as determined by the supreme court in Strickland v Washington.

**GROUND FOUR**: Ineffective assistance of appeal counsel.

**Supporting Facts**: The state court adjudication of petitioner's claim that his constitutional right to effective assistance of appellate counsel was violated resulted in a decision that was contrary to clearly established federal law as determined in Strickland v. Washington.

**GROUND FIVE**: Trial court erred in it's [sic] definition of reasonable doubt.

**Supporting Facts**: The trial court erred when it defined "reasonable doubt" in a manner not consistent with statutory definition which clearly violated his constitutional right to due process which was contrary to federal law as clearly established in Sullivan v. Louisiana.

(Doc. No. 1-2) (reproduced as in original).  On February 10, 2025, Respondent filed her Return of Writ.  (Doc. No. 11.)  Furman filed his Traverse on May 2, 2025.  (Doc. No. 21.)  On May 19, 2025, Respondent filed her Sur-Reply to Furman's Traverse.  (Doc. No. 22.)  On June 20, 2025, Furman filed his Reply to Respondent's Sur-Reply.  (Doc. No. 25.)[3]

---

[3] Throughout the pendency of this action, Furman filed multiple motions to compel. (Doc. Nos. 6, 10, 12, 14.)  The Magistrate Judge granted one of these filings, construing it as a motion to supplement the record, and ordered Respondent to supplement the record with the transcript from the January 8, 2021 competency proceeding. (Doc. No. 17.)  Respondent

On July 7, 2025, the Magistrate Judge issued the R&R wherein he recommended that the Petition be dismissed.  (Doc. No. 26.)  The Magistrate Judge concluded that all five of Furman's grounds for relief were procedurally defaulted.  (Doc. No. 26 at PageID#s 1391, 1394, 1395, 1400, 1404.)  The Magistrate Judge concluded that Furman procedurally defaulted Ground One when he "presented a speedy trial argument to the state appellate court exclusively under Ohio law."  (*Id*. at PageID# 1390.)[4]  The Magistrate Judge held that Furman had already conceded that Ground Two was procedurally defaulted and that Furman also appeared to concede that Ground Three was procedurally defaulted.  (*Id*. at PageID#s 1393, 1395.)  The Magistrate Judge explained that Ground Four was procedurally defaulted when Furman "failed to appeal the state appellate court's denial of his 26(B) Application as untimely to the Supreme Court of Ohio."  (*Id*. at PageID# 1399.)  The Magistrate Judge held that Ground Five was procedurally defaulted when Furman's counsel did not object to the judge's definition of reasonable doubt at the trial court.[5]  (*Id*. at PageID#s 1403-04.)  Further, the Magistrate Judge determined that Furman could not demonstrate cause and prejudice to overcome the default, nor could he demonstrate actual innocence.  (*Id*. at PageID#s 1055-56.)[6]

---

compiled and later filed her own motion to supplement the record with the transcript from the trial court's November 9, 2020 hearing.  (Doc. Nos. 19, 20, 23.)  The Magistrate Judge granted that motion, and the aforementioned transcript was filed.  *See* Non-Doc. dated May 20, 2025; (Doc. No. 24.)

[4] In a footnote, the Magistrate Judge remarked that even if Furman's speedy trial claim was not procedurally defaulted, it would be meritless.  (*Id*. at PageID# 1391.)

[5]  The Magistrate Judge went on to explain that the state appellate court's plain error review of the issue did not constitute waiver of the default.  (*Id*. at PageID#s 1403-04.)

[6] To the extent Furman argued that his ineffective assistance of counsel claims constituted cause, the Magistrate Judge found that while "cause to excuse the procedural default of a habeas claim may exist if a petitioner's appellate counsel was ineffective in failing to raise the issue," "the underlying claim of ineffective assistance of counsel must in and of itself not be in default," and here, Furman's claims for ineffective assistance of trial and appellate counsel are in default. (Doc. No. 26 at PageID# 1391.)

On September 9, 2025, Furman timely filed the Objections,[7] and on September 16, 2025, Respondent filed the Opposition.  (Doc. Nos. 29, 30.)

## III.     Standard of Review

Parties must file any objections to a report and recommendation within fourteen days of service.  Fed. R. Civ. P. 72(b)(2).  Failure to object within this time waives a party's right to appeal the district court's judgment.  *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's report and recommendation, the district court reviews those objections *de novo*.  Fed. R. Civ. P. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*.  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (citing *Walters*, 638 F.2d at 949-50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

---

[7] Furman filed two motions for extension of time to file his objections to the R&R (Doc. Nos. 27-28), both of which this Court granted.  *See* Non-Docs. dated July 16, 2025 and Aug. 26, 2025.

## IV.    Analysis

Furman "concedes that Grounds Two, Three, Four, and Five are procedurally defaulted, and does not object to the Magistrate Judge's findings and recommendations on these Grounds." (Doc. No. 29 at PageID# 1427.)  Therefore, finding no clear error, the Court adopts the Magistrate Judge's findings that Grounds Two through Five are procedurally defaulted.  Accordingly, the Court's analysis set forth below is limited to Ground One, namely Furman's objection to the Magistrate Judge's finding that Ground One is procedurally defaulted and devoid of merit.

### A.    Furman Presented his Speedy Trial Right Argument to the State Appellate Court Exclusively Under State Law.

The Magistrate Judge concluded that Furman procedurally defaulted on Ground One when he "presented a speedy trial argument to the state appellate court exclusively under Ohio law." (*Id*. at PageID# 1390 (citing Doc. No. 11-1, Ex. 27; Doc. No. 11-1, Ex. 29.))  The Magistrate Judge found that "[a]lthough Furman invoked the 'Sixth and Fourteenth Amendments to the United States Constitution' in the first sentence of his speedy trial argument, his appellate briefs focused solely on the application of state law, particularly the application of the Ohio's speedy trial statute."  (*Id*.) (citing Doc. No. 11-1, Ex. 27, PageID#s 301-03; Doc. No. 11-1, Ex. 29, PageID#s 344-45.)  Furman objects.

#### 1.    Procedural Default

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).  A claim may become procedurally defaulted in two ways.  *Id*.  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in

11

presenting his claim to the appropriate state court.  *Id*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[8]  *Id*.

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted.[9]  *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Lundgren*, 440 F.3d at 763; *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.").

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court.  To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising

---

[8] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. Maupin, 785 F.2d at 135.  Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice."  *Id*. at 138-39; *Barkley v. Konteh*, 240 F. Supp. 2d 708, 711 (N.D. Ohio 2002).  "To inform this inquiry, we look to the last explained state court judgment." *Stojetz v. Ishee*, 892 F.3d 175, 191 (6th Cir. 2018) (internal quotation marks and citations omitted)

[9] This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. The Antiterrorism and Effective Death Penalty Act's (AEDPA) exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982).  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default, and not exhaustion, bars federal court review.  *Id*.  Thus, "[w]hen a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). "A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citation omitted).

Furman raises the following arguments to support the assertion that Ground One is not procedurally defaulted. First, he argues that the state appellate court acknowledged his right to a speedy trial under the Sixth Amendment. (Doc. No. 29 at PageID#s 1418-19 (citing *State v. Sitko*, 2021 WL 966273, at *4 (Ohio App. 11th Dist. Mar. 15, 2021) (citing *State v. Broughton*, 581 N.E.2d 541 (Ohio 1991))). In support, Furman asserts that he "relied upon state cases employing federal constitutional analysis" because "Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution." (*Id.* at PageID# 1420.) Second, Furman maintains that he phrased his speedy trial claim "in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right." (*Id.* at PageID# 1421.) Third, he argues that his speedy trial claim "is well within the mainstream of constitutional law." (*Id.*)

In the Opposition, Respondent highlights that in the Objections, Furman concedes that he presented his speedy trial claim on direct appeal under Ohio law. (Doc. No. 30 at PageID# 1434 (citing Doc. No. 29 at PageID# 1420) ("even though Petitioner presented his speedy trial claim under [the] Ohio speedy trial statute")). Next, Respondent argues that "[t]he fair presentation requirement

looks at how a *petitioner* presented a claim." (*Id.*) (citing *McMeans*, 228 F.3d at 681). Finally, Respondent asserts that the Sixth Circuit has already rejected Furman's argument that he fairly presented a claim because Ohio's speedy trial statute was implemented to incorporate the Sixth Amendment's speedy trial right. (*Id.*) (citing *Springs v. Shoop*, 2025 WL 4676480 at *5 (6th Cir. Aug. 18, 2025)).

The Court will address these arguments below, albeit not in the order that the parties raise them.

Furman maintains that he fairly presented a violation of his federal constitutional speedy trial right on direct appeal. (Doc. No. 29. at PageID# 1421.) However, as Respondent points out, Furman concedes that he presented his speedy trial claim exclusively under Ohio's speedy trial statute, qualifying one of his arguments by writing "even though Petitioner presented his speedy trial claim under [the] Ohio speedy trial statute." (Doc. No. 30 at PageID# 1434); (Doc. No. 29 at PageID# 1420). Even disregarding this concession, this Court independently finds that on direct appeal, his speedy trial argument focused only on the application of Ohio law with Furman making only broad references to his federal constitutional speedy trial right.[10]

The law in this Circuit establishes that general references to federal constitutional rights do not fairly present claims that those specific constitutional rights were violated. In *McMeans v.*

---

[10] On direct appeal, Furman argued that he "was denied his constitutional and statutory rights to a speedy trial" and noted that "[a] criminal defendant is guaranteed the right to a speedy trial by the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. No. 11-1 at PageID# 301) (citing *State v. O'Brien*, 516 N.E. 2d 218, 220 (Ohio 1987)).

Furman also maintained that "Ohio's speedy trial statute codifies the constitutional guarantee of a speedy trial." (Doc. No. 11-1 at PageID# 301) (citing *State v. Pachay*, 416 N.E.2d 589, 589 (Ohio 1980)). However, "the constitutional guarantee" in that case referred to the Ohio Constitution. *Pachay*, 416 N.E.2d at 589 ("This cause presents the question of whether this court should invalidate the speedy trial statutes, R.C. 2945.71 et seq., as a usurpation of judicial power in contravention of the Ohio Constitution.")

*Brigano*, 228 F.3d at 681, the petitioner, who had been convicted of five counts of rape in the trial court, argued that he fairly presented his Confrontation Clause claim because his appellate brief (1) referenced "the United States Constitution, 'due process,' and his right to a 'fair trial'"; (2) cited to cases that analyzed the Confrontation Clause; and (3) centered around how the trial court precluded him under Ohio's rape shield law from introducing evidence that the victim later accused others of rape, which should in itself had alerted the state appellate court to a possible violation of the Confrontation Clause.  Accordingly, the Sixth Circuit held that:

> We are of the opinion that the petitioner did not "fairly present" his claim.  In his direct appeal, the petitioner focused entirely on the applicability of Ohio's rape shield law.  He did not cite any federal precedent and his appellate brief only alleges that the trial judge's limitation on cross-examination denied him a "fair trial" and "due process."  As this court recognized in *Franklin*, this is not sufficient to alert a state court that an appellant is asserting the violation of a specific constitutional right.  While it is true that a few of the state cases cited by the petitioner on direct appeal contain references to the Confrontation Clause, the majority of those cases were concerned with Ohio evidence law.  We do not think that a few brief references to the Confrontation Clause in isolated cases is enough to put state courts on notice that such a claim had been asserted.  Thus, we hold that the petitioner failed to "fairly present" his Confrontation Clause claim to the Ohio courts.

*Id*. at 682 (internal citation omitted).  *See also Morgan v. Warden*, 2021 WL 5630743, at *5 (S.D. Ohio Dec. 1, 2021) ("Sixth Circuit case law suggests that it is not enough to tack such an entirely unelaborated claim of a federal constitutional violation onto an argument otherwise grounded in state law.")

Furman needs to offer more than general allegations that his federal constitutional right to a speedy trial was denied.  Furman remarks he "need not 'recite "chapter and verse" of constitutional law' to fairly present a claim."  (Doc. No. 29 at PageID# 1421) (quoting *Zungina v. McConahay*, 2025 U.S. Dist. LEXIS 78804, at *17 (N.D. Ohio April 25, 2025)) (quoting *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009); *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)).  However,

that quote was excerpted from case law wherein the Sixth Circuit held that "[w]hile a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Slaughter* 450 F.3d at 236.  In *Slaughter*, the Sixth Circuit found the petitioner did not fairly present his claim to the state appellate court because his appellate brief included only a passing reference to the Fourteenth and Sixth Amendments and instead focused on how the trial court failed to comply with Kentucky law.  *Id*.  As the law of this Circuit has established, a general reference to the Sixth and Fourteenth Amendments does not fairly present that those specific constitutional rights were violated.

In the Objections, Furman only conclusorily states that he phrased his claim in terms that sufficiently alleged the denial of his speedy trial right and additionally adds that these allegations are in the mainstream of constitutional law.  In his appellate brief, Furman failed to reference any federal case law to support that his federal constitutional speedy trial right was violated, and any state case law he cited do not draw heavily on federal law.  On direct appeal, Furman presented his speedy trial claim exclusively under Ohio law and admits as much in the Objections.

Furman's assertion that he "relied upon state cases employing federal constitutional analysis" because "Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution" fails.  (Doc. No. 29 at PageID# 1420.)  As Respondent points out, the Sixth Circuit has already rejected this argument.  (Doc. No. 30 at PageID# 1434) (citing *Spring*, 2025 WL 4676480 at *5) (rejecting petitioner's application for certificate of applicability where he argued "that his speedy-trial claim is not procedurally defaulted because Ohio's statutory analysis is consistent with the

16

federal Sixth Amendment analysis for addressing such claims)).  Finding Ground One to be procedurally defaulted, it is not relevant then that (as Furman argues) the state appellate court acknowledged Furman's right to a speedy trial under the Sixth Amendment in its decision.

Furman fails to show how a singular reference to federal law supports his conclusion that he fairly presented a claim that he was denied his federal constitutional right to a speedy trial.  In the Objections, Furman argues that the state appellate court acknowledged his right to a speedy trial under the Sixth Amendment when it wrote that "[t]he right to a speedy trial is set forth in the Sixth Amendment to the United States Constitution and is obligatory on the states via the Fourteenth Amendment."  (Doc. No. 29 at PageID#s 1418-19) (citing *State v. Sitko*, 2021 WL 966273, at *4 (Ohio App. 11th Dist. Mar. 15, 2021)) (citing *State v. Broughton*, 581 N.E.2d 541 (Ohio 1991)).  The state appellate court relied on Ohio and not federal speedy trial cases to support its finding.  *See generally State v. Furman*, 223 N.E.3d 944 (Ohio App. 11th Dist. 2023).  Even if a state appellate court had raised and rejected a procedurally defaulted claim, a district court is not obligated to review it.  *See McMeans*, 228 F.3d at 682.  Rather, barring exceptions such as the existence of cause of actual innocence, the merits of the state court's finding would have "no effect" on the district court's "conclusion that the petitioner did not fairly present his claim to the Ohio courts."  *Id*.

Thus, this Court adopts the Magistrate Judge's finding that Ground One is procedurally defaulted and will next assess whether any exceptions excuse this finding.

### 2. Cause and Prejudice for Procedural Default

The Court has reviewed the Magistrate Judge's finding that Furman cannot demonstrate cause for the default as to Ground One because Furman's ineffective assistance of appellate counsel claim

is itself in default. (Doc. No. 26 at PageID#s 1391-92.)[11]  Furman does not object to this finding and concedes that Ground Four, his claim for ineffective assistance of appellate counsel was procedurally defaulted. (Doc. No. 29 at PageID# 1427.)  Thus, finding no error, this Court adopts the finding that Furman cannot demonstrate cause for the default as to Ground One because his ineffective assistance of appellate counsel claim is itself in default..

Accordingly, the Objections are overruled.  The Court adopts the Magistrate Judge's finding that Ground One is procedurally defaulted.

**B.      Furman's Speedy Trial Right Argument is Devoid of Merit.**

In a footnote, the Magistrate Judge remarked that even if Furman's speedy trial claim was not procedurally defaulted, it would be meritless. (Doc. No. 26 at PageID# 1391, n. 3.)  The Magistrate Judge held that "[w]hile Furman disputes the state appellate court's speedy trial calculations, he does not show how the state appellate court's calculation was an *unreasonable* application of clearly established federal law" and that "[t]he state appellate court reasonably considered the multitude of tolling events." (*Id.*) (citing *Brown v. Bobby*, 656 F.3d 325, 332-33 (6th Cir. 2011) ("This court is not concerned with whether the state court ruled erroneously or incorrectly, but rather with whether the state court decision was 'objectively unreasonable.'")  Although this Court need not reach the merits of Furman's speedy trial argument, having already found that he procedurally defaulted this claim by bringing it exclusively under state law, this Court will still address Furman's objection that the delay between his arrest date and trial date was so unreasonable under federal law that it constituted a violation of his speedy trial right.

---

[11] The Magistrate Judge also notes that Furman has not demonstrated that he is entitled to the actual innocence exception. (*Id*. at PageID#s 1392-93).

18

In the Objections, Furman asserts that the state appellate court's speedy trial calculation "was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court in *Barker*, *Doggett*, and their progenies."  (Doc. No. 29 at PageID# 1426.) Furman argues that the Magistrate Judge should have analyzed the delay by applying the factors set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 522 (1972).  (*Id*. at PageID# 1425) (citing *Doggett v. United States*, 505 U.S. 647, 651 (1992)).  If this Court were to apply these factors, Furman asserts that the time that elapsed while the trial court determined Furman's competency to stand trial should not be tolled because Furman did not request the evaluation and was later found to be competent.  (*Id*. at PageID#s 1425-46.)[12]  Thus, Furman argues that the R&R should not have found his speedy trial argument to be lacking in merit.  (*Id*.)

In the Opposition, Respondent argues that the competency evaluation tolled the statutory speedy trial time.  (Doc. No. 30 at PageID# 1435) (citing *Furman*, 223 N.E.3d at 950) (citing R.C. 2945.72(B)).  She remarked that Furman's failure to cooperate with the evaluation exacerbated the delay.  (*Id*.)  Lastly, Respondent asserts that "Furman's disagreement with Ohio law does not transform his claim into a violation of his federal constitutional rights, nor is his disagreement a valid objection." (*Id*.) (citing *Johnson v. Fender*, 2021 WL 6503757, at *15, n. 3 (N.D. Ohio Nov. 9, 2021), *report and recommendation adopted*, 2021 WL 6061273 (N.D. Ohio Dec. 22, 2021) (rejecting the argument that the state appellate court incorrectly tolled days for speedy trial calculation as "a state

---

[12] Furman also contends that the state appellate court should have awarded him three days' credit for every day he was held in jail without bail on the pending charge, resulting in an eight-hundred-and-ninety-four (894) day delay. (*Id*.)  The state appellate court considered this three-day jail credit in its assessment, *see Furman*, 223 N.E.3d at 950, but Furman's above calculation fails to account for tolling.

court's interpretation of state law binds a federal court sitting in habeas")).  The Court will address these arguments below.

Contrary to Ohio law, the Supreme Court has refused to "quantif[y]" the right to a speedy trial "into a specified number of days or months" instead it has set forth a "balancing test, in which the conduct of both the prosecution and the defendant are weighed."  *Barker*, 407 U.S. at 523, 530; *but c.f.* R.C. 2945.71(C)(2) ("A person against whom a charge of felony is pending … [e]xcept as provided in division (C) of section 2945.73 of the Revised Code, shall be brought to trial within two hundred seventy days after the person's arrest").  The district court weighs the following four factors: "the length of the delay, the reason for the delay, the [petitioner's] assertion of his right, and prejudice to the [petitioner]."  407 U.S. at 530.  "[D]elay caused by the defense weighs against the [petitioner]: '[I]f delay is attributable to the [petitioner], then his waiver may be given effect under standard waiver doctrine.'"  *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (quoting *Barker*, 407 U.S. at 529).

Here, the state appellate court considered the tolling that occurred resultant to the competency evaluation, with which Furman failed to cooperate, and the adjudication of his motion to dismiss on speedy trial grounds.  *See Furman*, 223 N.E.3d at 950.  However, the state appellate court applied Ohio's speedy trial statute when making its speedy trial calculation and did not (since the issue was not fairly presented to it) apply federal law.

Furman argues that he is entitled to analysis under the *Barker* factors, but he fails to show how, under those factors, the State violated his federal constitutional right to a speedy trial.  Furman may not have consented to the competency evaluation, but his failure to cooperate exacerbated any purported delay the evaluation may have caused.  Furman also filed a motion to dismiss on his speedy

20

trial right, the adjudication of which prolonged the process further.  Furman may disagree with the law, but this disagreement does not create a valid objection.

Furman's speedy trial claim is not entitled to analysis under the *Barker* factors because, as this Court has already held, that claim is procedurally defaulted.  However, even if it were entitled to such a review, Furman has not shown how an application of these factors would cut in his favor.

### C.    This Court Will Not Issue a Certificate of Appealability.

Furman argues that "if the Court should adopt the Magistrate Judge's report and recommendations, Petitioner's speedy trial claim is one that presents a substantial showing of the denial of a constitutional right, and deserves encouragement to proceed further.  The Court's procedural ruling would certainly be debatable and Petitioner's case states a debatable claim of denial of a constitutional right." (Doc. No. 29 at PageID# 1427).  Respondent asserts that Furman is not entitled to a certificate of appealability because his "first ground for relief is procedurally defaulted, and there can be no debate that his constitutional claim lacks merit." (Doc. No. 30 at PageID# 1436.) This Court will address these arguments below.

A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner may meet this standard by showing that reasonable jurists could debate whether the petition should have been determined in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In addition, "[i]f the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Id.*  (quoting *Slack*, 529 U.S. at 484).

Taking the above standards into consideration, the Court will not issue a certificate of appealability with respect to Ground One.  For the reasons described above, no jurist of reason would find it debatable that Ground One is procedurally defaulted.

## V.      Conclusion

For the foregoing reasons, the Objections (Doc. No. 29) are overruled, the Report & Recommendation (Doc. No. 26) is adopted in its entirety, and the Petition (Doc. No. 1) is denied. Further, the Court certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

 *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  May 7, 2026                                    U. S. DISTRICT JUDGE

22