**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **John Furman** | **Case No.  1:24-cv-01925** |
| **Petitioner,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **Warden Misty Mackey,** | |
| | **MAGISTRATE JUDGE JOHNATHAN D. GREENBERG** |
| **Respondent.** | |

**MEMORANDUM OPINION & ORDER**

Currently pending is *pro se* Petitioner John Furman's ("Petitioner" or "Furman") Motion to Appeal *In Forma Pauperis* ("IFP Motion").  (Doc. No. 33.)  For the following reasons, Petitioner's Motion is GRANTED.

**I.      Relevant Procedural History**

On November 4, 2024, Furman, proceeding *pro se*, filed his federal habeas corpus petition with this Court.  (Doc. No. 1.)  On February 10, 2025, Respondent filed her Return of Writ.  (Doc. No. 11.)  Furman filed his Traverse on May 2, 2025.  (Doc. No. 21.)  On May 19, 2025, Respondent filed her Sur-Reply to Furman's Traverse.  (Doc. No. 22.)  On June 20, 2025, Furman filed his Reply to Respondent's Sur-Reply.  (Doc. No. 25.)

On July 7, 2025, the Magistrate Judge issued the R&R wherein he recommended that the Petition be dismissed.  (Doc. No. 26.)  The Magistrate Judge concluded that all five of Furman's grounds for relief were procedurally defaulted.  (Doc. No. 26 at PageID#s 1391, 1394, 1395, 1400,

1404.)  On September 9, 2025, Furman timely filed the Objections,[1] and on September 16, 2025, Respondent filed the Opposition.  (Doc. Nos. 29, 30.)  In the Objections, Furman conceded that Grounds Two through Five were procedurally defaulted and limited his argument to the Magistrate Judge's finding that Ground One was procedurally defaulted.  (Doc. No. 29 at PageID# 1427.)  He also requested a certificate of appealability because "[t]he Court's procedural ruling would certainly be debatable and Petitioner's case states a debatable claim of denial of a constitutional right."  (Doc. No. 29 at PageID# 1427.)  In the Opposition, Respondent asserted that Furman was not entitled to a certificate of appealability because his "first ground for relief is procedurally defaulted, and there can be no debate that his constitutional claim lacks merit."  (Doc. No. 30 at PageID# 1436.)

On May 7, 2026, this Court issued a Memorandum Opinion and Order adopting the Report and Recommendation and overruling Furman's Objections.  (Doc. No. 33.)  Further, the Court held that it would "not issue a certificate of appealability with respect to Ground One" because "no jurist of reason would find it debatable that Ground One is procedurally defaulted."  (Doc. No. 31 at PageID# 1459.)

On May 18, 2026, Furman filed a Notice of Appeal with the Sixth Circuit Court of Appeals, seeking to appeal this Court's finding that Ground One of the Petition was procedurally defaulted.  (Doc. No. 32.)  That same day, Furman filed the IFP Motion, seeking to proceed *in forma pauperis* on the appeal.  (Doc. No. 33.)

---

[1] Furman filed two motions for extension of time to file his objections to the R&R (Doc. Nos. 27-28), both of which this Court granted.  *See* Non-Docs. dated July 16, 2025 and Aug. 26, 2025.

## II.    Law and Analysis

Fed. R. App. P. 24(a)(1) provides that, "except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court."  Fed. R. App. P. 24(a)(1).  In support of such a motion, "[t]he party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."  *Id*.  If a party was previously permitted to proceed IFP in the district court action, however, he need not seek authorization from the district court to proceed IFP on appeal.  Specifically, Fed. R. App. P.  24(a)(3) provides as follows:

> (3) **Prior Approval**. A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Here, the Court did not previously permit Furman to proceed *in forma pauperis* in this action. Therefore, Furman was required to file a motion with the Court.  Upon review of the IFP Motion, the Court must evaluate not only the party's pauper status but also the merits of the appeal and may in its discretion certify that an appeal is not taken in good faith.  *See Bruce v. Great Britain*, 2019 WL 13146768 at *1 (E.D. Tenn. Jan. 23, 2019); *see also Castellon v. Hinkle*, 2023 WL 5011304 (S.D. Ohio Aug. 7, 2023) ("This Court may deny a movant's request to proceed on appeal *in forma pauperis*

3

without requiring further authorization if it finds that the appeal is not taken in good faith."); 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith").

The Sixth Circuit has held that "[a] frivolous appeal, one that 'lacks an arguable basis either in law or in fact,' would not be taken in good faith." *Shephard v. Morvzin*, 2016 WL 10592246 at *1 (6th Cir. Dec. 9, 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *accord Shepard v. Clinton*, 27 F. App'x 524, 524 (6th Cir. 2001). *See also Rivera De Jesus v. DLJ Properties, LLC*, 2022 WL 17098648 at *1 (E.D. Tenn. Nov. 2, 2022) (collecting cases), *report and recommendation adopted by* 2022 WL 17097737 (E.D. Tenn. Nov. 21, 2022). The good faith assessment is an "objective" one. *See Bruce*, 2019 WL 13146768 at * 1. It is irrelevant, for instance, that a litigant may have a subjective belief that their lawsuit is meritorious. *Id*. (citing *Lee v. Clinton,* 209 F.3d 1025, 1029 (7th Cir. 2000)). Rather the question is whether a "reasonable person" would believe the claim has legal merit. *Id.*

"The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Powell v. Alcoa High School*, 2010 WL 3087387 at *2 (E.D. Tenn. Aug. 5, 2010) (quoting *Flippin v. Cobuyn*, 107 Fed. Appx 520, 521 (6th Cir. 2004)). *See also Rivera De Jesus*, 2022 WL 17098648 at * 2.

In the instant case, Furman's request for leave to proceed *in forma pauperis* on appeal is granted. First, a review the application supports Furman's claim of pauper status. Second, the appeal is taken in good faith. Although this Court denied Furman a certificate of appealability, (Doc. No. 31 at PageID# 1459), "issuing a certificate of appealability 'has a higher threshold than the [*in forma pauperis*] standard, that the appeal is not frivolous.'" *Thomas v. Jackson*, 2007 WL 1424603, at *1

(E.D. Mich. May 14, 2007) (quoting *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)).  "'Good faith' requires a showing that the issues are arguable on the merits and are, therefore, not frivolous; it does not require a showing of probable success." *Id*. (citing *Harkins v. Roberts,* 935 F.Supp. 871, 873 (S.D. Miss. 1996) (quoting *Howard v. King,* 707 F.2d 215, 219-20 (5th Cir. 1983)); *see also Cohen v. Brewer*, 2018 WL 2193963 (E.D. Mich. May 14, 2018) (same).  "If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to appeal in forma pauperis must be granted."  *Id*. (quoting *Harkins,* 935 F.Supp. at 873.) While the Court seriously doubts that Furman would be able to show on appeal that Ground One was not procedurally defaulted, it nevertheless finds that the issue could be argued on the merits.  Thus, the appeal is taken in good faith.

Accordingly, and for all the reasons set forth above, the Court GRANTS the IFP Motion. (Doc. No. 33.)

### III.    Conclusion

For all the foregoing reasons, Petitioner's IFP Motion (Doc. No. 33) is GRANTED.  Petitioner may proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Dated:  May 19, 2026                                          s/*Pamela A. Barker*
                                                                        PAMELA A. BARKER
                                                                        UNITED STATES DISTRICT JUDGE

5